NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-2026-17T2

STATE OF NEW JERSEY,

      Plaintiff-Appellant,

v.

DEANDRE PARKER,

      Defendant-Respondent.

_____

**APPROVED FOR PUBLICATION**

**May 13, 2019**

**APPELLATE DIVISION**

Submitted April 25, 2018 – Decided May 13, 2019

Before Judges Fuentes, Koblitz and Suter.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Indictment Nos. 16-04-1096 and 16-04-1097.

Robert D. Laurino, Acting Essex County Prosecutor, attorney for appellant (Frank J. Ducoat, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the briefs).

Joseph E. Krakora, Public Defender, attorney for respondent (Margaret R. McLane, Assistant Deputy Public Defender, of counsel and on the brief).

    The opinion of the court was delivered by

FUENTES, P.J.A.D.

An Essex County grand jury returned Indictment No. 16-04-1096 charging defendant Deandre Parker with second degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b), fourth degree possession of hollow-nose ammunition, N.J.S.A. 2C:39-3(f), and third degree resisting arrest, N.J.S.A. 2C:29-2(a)(3)(a). Indictment No. 16-04-1097, arising under the same core of operative facts, charged defendant with second degree possession of a handgun by a person previously convicted of one of the crimes listed in N.J.S.A. 2C:39-7(b).

Defendant moved to suppress the physical evidence seized by the police that formed the basis for these charges. The State filed a brief opposing the motion, which included the indictments returned by the grand jury, an incident report prepared and filed by one of the police officers who arrested defendant, and the transcript of the grand jury minutes. Defendant's reply included a computer aided dispatch (CAD) report. In an order dated September 18, 2017, the trial court granted defendant's motion without conducting an evidentiary hearing or considering oral argument from counsel. The judge explained the basis of his ruling in a letter-opinion attached to the order.

On October 7, 2017, the State filed a motion for reconsideration. In an order dated November 22, 2017, accompanied by a letter-opinion, the trial judge denied the State's motion for reconsideration, again without affording

A-2026-17T2

counsel the opportunity to present oral argument. By leave granted, the State now argues the motion judge erred when he suppressed the physical evidence without conducting an evidentiary hearing. We agree and reverse. Because the parties dispute the material facts that led to defendant's arrest and subsequent indictment, the motion judge was required to conduct an evidentiary hearing pursuant to Rule 3:5-7(c). We gather the following account of events from the documents the parties presented to the motion judge in support of their respective positions.

At approximately 11:44 p.m. on February 4, 2016, Newark Police Department detectives assigned to the Firearm Interdiction Team (FIT) responded to a report of "shots fired" near the intersection of Avon Avenue and South 12th Street. Upon arrival, the detectives saw two men, later identified as defendant and Quadri Cureton, standing by the driver-side door of a parked car. As Detective Lamin Barryoh approached them, he saw defendant drop a silver metal object; Barryoh also heard the sound of the object as it hit the ground. Barryoh testified before the grand jury that Detective Holmes[1] retrieved the metal object and "immediately recognized that that metal object

_____

[1] The incident report Barryoh filed indicates that the five FIT detectives who responded to the report of "shots fired" that day were himself, Detective J. Duran, Detective P. Hamilton, and Essex County Sheriff's Department Detectives A. Holmes and S. Dellavelle.

was, in fact, a revolver." Holmes thereafter yelled "gun, gun" to alert the other officers at the scene.

According to Barryoh, when he attempted to arrest defendant, he resisted by "flailing his hands." He was able to control defendant and effectuate the arrest with the assistance of the other officers at the scene. The Crime Scene Unit took possession of the handgun and found it was a .38 caliber revolver that contained "two live rounds of ball ammunition[,] . . . one hollow-point round[,]" and three spent rounds. A subsequent search of defendant's criminal history revealed he had two open arrest warrants and prior convictions for crimes listed as predicate offenses under N.J.S.A. 2C:39-7.

In his September 18, 2017 letter-opinion, the motion judge included a "Counterstatement of Facts" derived exclusively from defense counsel's motion brief. In this alternative narrative of events, defendant denied every material factual contention made by the State. Specifically, defense counsel claimed that defendant "at no point in time dropped a gun beneath or beside the white vehicle . . . [or] resist[ed] arrest[.]" Despite the obvious irreconcilable material differences between the State's version of events and the account described by defense counsel, the motion judge found: "Defendant has not challenged the State's facts with sufficient specificity to warrant a hearing." After citing State v. Elders, 192 N.J. 224, 250 (2007), a case that

4

involved the articulable suspicion required by police officers to request consent to search a car, State v. Rodriguez, 172 N.J. 117, 126-28 (2002), in which the Court addressed the requirements for a valid investigative detention, and other inapposite cases, the judge concluded: "[T]he Incident Report and Grand Jury transcript did not illustrate that the detectives, based on their experience and training, had an inclination of what the dropped object was between the time it was dropped and the time [d]efendant was called over by Detective Barryoh. Therefore, this stop was unlawful."

Pursuant to Rule 3:5-7(c), "[i]f material facts are disputed, testimony thereon shall be taken in open court." Our Supreme Court has also recently made clear:

> The proper mechanism through which to explore the constitutionality of warrantless police conduct is an evidentiary hearing. At evidentiary hearings, the State presents witnesses to substantiate its basis for the challenged warrantless conduct, and the defense is afforded the opportunity to confront and cross-examine the State's witnesses.
>
> [State v. Atwood, 232 N.J. 433, 445 (2018) (citations omitted).]

Here, the parties made clear in their respective written submissions that they had diametrically irreconcilable accounts about what Detective Barryoh claimed occurred when he approached defendant. Under Rule 3:5-7(c), the motion judge must conduct an N.J.R.E. 104 evidentiary hearing to provide the

parties the opportunity to probe the veracity of Barryoh's testimony. The motion judge thereafter must make factual findings that will be substantially influenced by an opportunity to hear and see the witnesses. State v. Gamble, 218 N.J. 412, 424-25 (2014). Equally problematic is the judge's decision to adjudicate this motion without affording counsel the opportunity to present oral argument. "The availability of oral argument on criminal motions is implicit within the language of [Rule] 1:6-2(a)." State v. Mayron, 344 N.J. Super. 382, 386 (App. Div. 2001). Oral advocacy is a fundamental aspect of our criminal justice system and should be encouraged, preserved, and protected.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION