**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2250-18T1

STATE OF NEW JERSEY,

     Plaintiff-Appellant,

v.

JAMES THOMPSON,

     Defendant-Respondent.

_____

Submitted May 30, 2019 – Decided July 5, 2019

Before Judges Koblitz and Mayer.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 17-12-2572.

Damon G. Tyner, Atlantic County Prosecutor, attorney for appellant (John J. Lafferty, IV, Assistant Prosecutor, of counsel and on the brief).

Gamburg & Benedetto, attorneys for respondent (Robert M. Gamburg, on the brief).

PER CURIAM

On leave granted, the State appeals from the trial court's December 17, 2018 order granting defendant's motion to suppress evidence seized as the result of a traffic stop. We affirm.

Defendant was charged in a six-count indictment with charges relating to the possession of a handgun, hollow nose bullets and cocaine.[1] He moved to suppress the evidence seized from his car after he was stopped by the police.

At the suppression hearing, Pleasantville City Police Department Patrol Sergeant Ryan Van Syckle testified that he was assigned to the Street Crimes Unit on October 5, 2017, when the stop occurred. Van Syckle, his partner and a newly-hired officer were dressed in plain clothes and driving in an unmarked police car without video recording equipment.

At approximately 12:30 p.m., the officers were driving behind defendant's white Chevrolet Malibu. Van Syckle testified:

> The white Malibu signaled to turn left westbound on Woodland Avenue. During that time, it suddenly turned left in front of an oncoming vehicle that was traveling south on New Road, causing that vehicle to

---

[1] He was charged with third-degree possession of cocaine, N.J.S.A. 2C:35-10(a)(1); second-degree possession of cocaine with intent to distribute, N.J.S.A. 2C:35-5(a)(1); second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b)(1); second-degree possession of a handgun, for an unlawful purpose, N.J.S.A. 2C:39-4.1(a); fourth-degree possession of hollow nose bullets, N.J.S.A. 2C:39-3(f)(1); and second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7(b).

> abruptly stop to avoid a collision. We then initiated a
> motor vehicle stop . . . .

Van Syckle could not describe the other car. He did not hear any screeching tires. Defendant immediately pulled his car over for the police. Van Syckle conceded that prior to stopping defendant, defendant was not exceeding the thirty-five miles-per-hour speed limit, was not driving erratically, and used his left-turn signal.

When Van Syckle asked defendant to produce his credentials, he observed "several" air fresheners clipped to the vents, "spray air fresheners within the door compartment, as well as three cellular phones." The smell of air freshener in the passenger compartment was "overwhelming." Defendant appeared nervous. Van Syckle stated: "I could see him breathing heavily. His carotid artery was pulsing in his neck rapidly. He avoided making eye contact with me." Van Syckle also learned defendant was driving a rental car. Defendant had a valid Pennsylvania license and valid rental agreement. He did not have a valid New Jersey driver's license. As a result of these observations, Van Syckle "believed that criminal activity was in [his] presence."

Defendant refused to give consent to a car search. Van Syckle called for a police K-9 unit. Van Syckle also "observed two large bulges, square bulges, in his pocket." According to Van Syckle, defendant became "confrontational."

3

He stated he was "concerned for officer safety on scene" and ordered defendant out of the car. Van Syckle found "about $900" cash in one of defendant's pockets and about "$2100" cash in his other pocket.

Twenty to twenty-five minutes after Van Syckle's call, the K-9 officer arrived. The dog alerted the officers to the trunk of defendant's car. They searched the trunk and found a .45 caliber unloaded handgun, "hollow point ammunition, and approximately 1.6 ounces of suspected cocaine." The State played a silent video from the K-9 vehicle's dash-cam, showing the dog alerting and officers searching defendant's car. After arresting defendant and returning to the police station, the officers issued defendant a motor vehicle ticket for careless driving, N.J.S.A. 39:4-97.

While the court found that Van Syckle was "certainly credible," the court found his testimony "actually brought up" questions rather than resolving them. The court stated: "I don't believe that he recalled whether he was driving or not. The lack of description with regard to the oncoming vehicle, or exactly what was in the manner of [defendant's] operation of his motor vehicle that made it careless." The court noted that "reasonable and articulable suspicion . . . needs to be based upon things that the witness said that he saw. And it was, in my view, simply a conclusory [statement] that it was a bad left turn."

A-2250-18T1

The court found:

> I can't conclude on this record here, based upon Van
> Syckle's testimony, that Van Syckle had a reasonable
> and articulable suspicion, other than his word for it.
> And I take him at his word, but at the same time I need
> to know what it is that he saw or observed that drew
> him to that conclusion, and I didn't get that today.

We will uphold a trial court's factual findings underlying its decision to grant or deny a motion to suppress if "those findings are supported by sufficient credible evidence in the record." State v. S.S., 229 N.J. 360, 374 (2017) (quoting State v. Gamble, 218 N.J. 412, 424 (2014)). This is because the trial court has the "opportunity to hear and see the witnesses and to have the 'feel' of the case, which a reviewing court cannot enjoy." State v. Elders, 192 N.J. 224, 244 (2007) (quoting State v. Johnson, 42 N.J. 146, 161 (1964)). Therefore, we will not reverse a trial court's decision to grant or deny a motion to suppress simply because we would have reached a different result. Ibid. We will reverse a trial court's factual findings when "they are so clearly mistaken 'that the interests of justice demand intervention and correction.'" Ibid. (quoting Johnson, 42 N.J. at 162).

The trial court properly found that Van Syckle did not have reasonable suspicion that defendant committed a motor vehicle offense. Van Syckle merely stated that defendant made a sudden left turn after using his turn signal. Van

Syckle conceded that defendant was not speeding, and he did not hear screeching tires when the other car stopped.

The State argues that the trial court's decision to grant defendant's motion to suppress was "against the weight of the evidence" because the officers had reasonable suspicion to stop defendant for careless driving. The trial court found the police did not articulate a sufficient basis to stop the car.

"In determining whether reasonable suspicion exists, a court must consider 'the totality of the circumstances -- the whole picture.'" State v. Nelson, 237 N.J. 540, 554 (2019) (quoting State v. Stovall, 170 N.J 346, 361 (2002)). An automobile stop is lawful when it is "based on reasonable and articulable suspicion that an offense, including a minor traffic offense, has been or is being committed." Id. at 552 (quoting State v. Bacome, 228 N.J. 94, 103 (2017)).

The trial court found Van Syckle did not provide sufficient evidence that he saw defendant driving carelessly. A person is guilty of careless driving when he or she "drives a vehicle carelessly, or without due caution and circumspection, in a manner so as to endanger, or be likely to endanger, a person or property . . . ." N.J.S.A. 39:4-97. The court, who heard the testimony, found the officer's memory hazy and what evidence he offered conclusory and not supportive of careless driving.

6

If the stop is improper, all evidence emanating from that stop must be suppressed. State v. Atwood, 232 N.J. 433, 438, 448-49 (2018) (holding drugs found pursuant to a search warrant must be suppressed when the police officer did not have reasonable suspicion to justify the underlying motor-vehicle stop); State v. Scriven, 226 N.J. 20, 33-34, 38, 40 (2016) (finding handgun, hollow nose bullets and large-capacity magazine properly suppressed where motor-vehicle stop was not justified).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2250-18T1