**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0696-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ANTONIO GONZALEZ,
a/k/a ANTONIO GONZALEZ-
HERNANDEZ, ANTONIO
J. GONZALEZ, and ANTONIO
GONZELESHERNANDEZ,

     Defendant-Appellant.

_____

Submitted September 20, 2021 – Decided September 30, 2021

Before Judges Fasciale and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 18-10-1433.

Joseph E. Krakora, Public Defender, attorney for appellant (Zachary Markarian, Assistant Deputy Public Defender, of counsel and on the briefs).

Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (David M. Liston, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

After pleading guilty following an unsuccessful motion to suppress, defendant appeals from his convictions for second-degree burglary, N.J.S.A. 2C:18-2(a)(1) and (b)(1), and second-degree possession of a controlled dangerous substance (CDS) with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and (b)(4).[1] Defendant focuses on a May 9, 2019 order denying his motion to suppress physical evidence recovered during the search of a vehicle in which he was traveling, asserting that it was the fruit of an illegal stop.[2] We disagree and affirm.

---

[1] A grand jury charged defendant and his co-defendants with 112 counts relating to a burglary of a pharmacy and the subsequent possession of medication. Co-defendants Kevin Rodriquez, Eric Rodriquez, and Jefferson Bonilla were also charged in the indictment but are not participating in this appeal.

[2] Defendant's former counsel waived his appearance at the suppression hearing. After the motion was denied, Martin Perez substituted in as defendant's counsel. On May 2, 2019, Perez filed a motion to suppress, which sought to join in the arguments raised by counsel for co-defendants at the suppression hearing. The judge allowed defendant to join in the motion retroactively and applied his earlier ruling to defendant to preserve his ability to challenge the suppression decision on appeal.

2 A-0696-19

Defendant broke into a pharmacy and took more than half an ounce of oxycodone for the purpose of distributing it. Soon after, Officers Robert Theoret and Ryan Welch observed defendant's vehicle traveling north on Route 18 in East Brunswick near Eggers Street and failing to maintain its lane. The officers proceeded to initiate a motor vehicle stop. During the stop, both officers detected the odor of marijuana. A subsequent search of the vehicle[3] revealed a black ski mask, latex gloves, alprazolam pills, suboxone strips, cocaine, digital scales, and sandwich bags. It also revealed the key and paperwork for a storage locker that contained four pounds of marijuana.

On appeal, defendant argues:[4]

POINT I

THE TRAFFIC STOP WAS UNLAWFUL BECAUSE POLICE DID NOT HAVE REASONABLE SUSPICION THAT THE CAR WAS IN VIOLATION OF THE TRAFFIC LAWS.

---

[3] Defendant does not challenge the legality of the stop on appeal.

[4] We are uncertain whether defendant raised his arguments below. In its merits brief, the State noted defendant raises the left-turn preparation argument for the first time on appeal. Defendant did not address that position in his reply brief. If a defendant failed to raise arguments below, we would ordinarily review the contentions raised for the first time under the plain-error standard, which precludes our intervention absent a showing the claimed error was capable of producing an unjust result. R. 2:10-2; State v. Ross, 218 N.J. 130, 142-43 (2014). But here, because we conclude there was no error, let alone plain error, whether to apply the plain error standard is of no moment.

A-0696-19

A.  A Car Does Not Violate [N.J.S.A.] 39:4-88(a) By Operating In The Left Lane Unless It Is Neither Overtaking [A] Vehicle Nor Preparing For A Left Turn.

B.  Defendant's Car Did Not Fail [T]o Maintain Its Lane.

Defendant also raises the following argument in reply, which we have renumbered:

[POINT II]

DEFENDANTS CHALLENGED THE LAWFULNESS OF THE STOP BEFORE THE TRIAL [JUDGE] AND THE STATE FAILED TO MEET ITS BURDEN TO SHOW THEORET REASONABLY BELIEVED DEFENDANTS' CAR WAS OPERATING IN VIOLATION OF THE TRAFFIC LAWS.

In reviewing a decision on a motion to suppress, we will "uphold the factual findings underlying the [judge's] decision so long as those findings are supported by sufficient credible evidence in the record." State v. Gamble, 218 N.J. 412, 424 (2014) (citing State v. Elders, 192 N.J. 224, 243 (2007)). We will only reverse if the motion judge's decision was "so clearly mistaken that the interests of justice demand intervention and correction." Id. at 425 (citations and internal quotation marks omitted). "Video-recorded evidence is reviewed under the same standard." State v. Hagans, 233 N.J. 30, 38 (2018) (citing State v. S.S., 229 N.J. 360, 381 (2017)). A trial judge's interpretation of the law,

4

however, and the consequences that flow from established facts are not entitled to deference. State v. Gandhi, 201 N.J. 161, 176 (2010).

"An officer may stop a motor vehicle only upon 'articulable and reasonable suspicion' that a criminal or motor vehicle violation has occurred." State v. Atwood, 232 N.J. 433, 444 (2018) (citations omitted). An officer may not furnish suspicion based on a reasonable, but mistaken interpretation of a motor vehicle statute. State v. Carter, 247 N.J. 488, 531 (2021). "The key issue under New Jersey's Constitution . . . is not whether an officer reasonably erred about the meaning of the law," but "whether a person's rights have been violated." Id. at 530. The validity of the stop may be established "by a preponderance of the evidence." Atwood, 232 N.J. at 437-38 (quoting State v. O'Neal, 190 N.J. 601, 611 (2007)).

The motor vehicle statute at issue, N.J.S.A. 39:4-88(a), provides that:

> When a roadway has been divided into clearly marked lanes for traffic, . . . [a] vehicle shall normally be driven in the lane nearest the right-hand edge or curb of the roadway when that lane is available for travel, except when overtaking another vehicle or in preparation for a left turn.

Theoret testified at the suppression hearing that defendant's vehicle failed to keep right in violation of N.J.S.A. 39:4-88(a). Specifically, Theoret testified that the vehicle's "driver's-side tires were riding on and crossing over the lane

5

marking." The judge found Theoret highly credible and that he had a reasonable and articulable suspicion that the driver violated the statute. Theoret's testimony was corroborated by his mobile video recording (MVR), which established that the vehicle was not being driven entirely within a single lane. The judge noted that the MVR, which was not perfectly clear, showed there was "a large amount of space between the vehicle's passenger side and the line separating that left lane from the middle lane." The judge also noted that the vehicle was "precariously close to striking the median" and that the vehicle "straddled [or] at least a tire had gone over [the line]." In sum, the judge found that the MVR established that the vehicle was driven in the left lane the entire distance from Eggers Street to Nielsen Plaza on Route 18.

We reject defendant's argument that the judge misread the statute by concluding that a driver violates the statute when driving in the left lane without overtaking another vehicle. We likewise reject defendant's contention that the driver did not violate the statute because he was preparing to make a left turn.

The record is bereft of evidence that the driver was preparing for a left turn. Importantly, there was no left turn available for the driver to make between Eggers Street and Nielsen Plaza. This is supported by the exhibits and judicially noticeable traffic pattern on Route 18. The MVR also makes clear that the driver

6

did not activate the left turn signal at any point. Defendant also argues that a highway sign instructed cars to "keep left" for an upcoming exit. This argument is belied by Theoret's testimony. Theoret testified that the vehicle was traveling in the left lane from the time he first observed it near Eggers Street. Based on Theoret's testimony about the location of Eggers Street, the vehicle was traveling in the left lane long before the sign in question came into the driver's view. The MVR also shows that there was no need for the vehicle to be in the left lane to continue traveling on Route 18, as defendant suggests the driver was.

We likewise reject defendant's contention the judge was wrong that a vehicle fails to maintain its lane under the statute by touching, but not crossing, a boundary line. Citing Carter, defendant maintains that Theoret could not have had reasonable suspicion based on his mistaken belief that the statute covers conduct that it does not.

Defendant cites to State v. Regis, 208 N.J. 439, 448 (2011) for the proposition that a vehicle does not fail to maintain its lane within the meaning of N.J.S.A. 39:4-88(b) unless it "drift[s] or swerve[s] into an adjoining lane or the shoulder, unless it is not feasible to do so." Relevant to this point, Theoret testified that the vehicle's "driver's side tires were riding on and crossing over the lane marking." Moreover, the record is devoid of any evidence that it was

7

not feasible for the vehicle to remain in the right lane. For example, there is no evidence that the vehicle was moving to avoid overtaking another vehicle or that weather conditions made staying within the lane unfeasible. Thus, even if the driver only drove on and slightly over the yellow line without fully crossing over or swerving, Theoret's interpretation of the statute is consistent with its plain language and was not mistaken. <u>Regis</u> nor <u>Carter</u> preclude the judge's finding as to this point.

Thus, the judge properly found Theoret lawfully initiated the traffic stop based on reasonable and articulable suspicion that co-defendant drove the vehicle in violation of N.J.S.A. 39:4-88(a). We see no reason to second-guess the judge's finding, which is supported by substantial credible evidence in the record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION