# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3297-21

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ALTURIK FRANCIS, a/k/a
ALTURIC FRANCIS, ALTURIC
MARTIN, ALTERICK A. FRANCIS,
ALTURIK MARTIN, and ALTRIK
FRANCIS,

    Defendant-Appellant.

_____

        Submitted January 17, 2024 – Decided February 20, 2024

        Before Judges Whipple and Paganelli.

        On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 05-06-0707.

        Alturik Francis, appellant pro se.

        William A. Daniel, Union County Prosecutor, attorney for respondent (Meredith L. Balo, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant, Alturik Francis, appeals from a July 1, 2021 order denying his motion to correct an illegal sentence. Since we conclude he was denied his right to have oral argument on the motion we vacate and remand.

The facts relating to defendant's convictions are fully recounted in our prior opinions on defendant's direct appeal, State v. Francis, No. A-1741-09 (App. Div. Aug. 7, 2012) (slip op. at 1), and on defendant's first petition for post-conviction relief (PCR), State v. Francis, No. A-2825-15 (App. Div. Dec. 12, 2017) (slip op. at 1). Here, we recite only the facts that are necessary to provide context for our opinion. Defendant was convicted of breaking into Majoly Collins's apartment, robbing her, raping her at knife point, stabbing her to death, smothering to death her two young children, and attempting to stab to death a fourth victim. Francis, slip op. at 1 (App. Div. Aug. 7, 2012). After merger, defendant was sentenced to three consecutive terms of life in prison, a twenty-year consecutive term, and a concurrent term of twenty years. Ibid.

In defendant's direct appeal, he raised several issues including his sentence being improper and excessive. Id. at 3. In our opinion, we concluded there was no abuse of the judge's discretion in imposing the sentence and no merit in defendant's argument. Id. at 38.

After we affirmed the denial of defendant's petition for PCR, without an evidentiary hearing, Francis, slip op. at 6 (App. Div. Dec. 12, 2017), he filed a pro se motion to correct an alleged illegal sentence. In a fourteen-page written decision the judge denied defendant's motion. In reciting the procedural history, the judge indicated "[t]he parties . . . consented to the motion being addressed on the papers."

However, it is undisputed that oral argument was scheduled by the judge's chambers and defendant's "[c]ourt appointed attorney informed him that he would have the opportunity to advance his argument via the [Z]oom hearing." There was no consent to have the motion decided on the papers. Defendant argues his rights were violated because he was denied oral argument on the motion.

The State contends defendant's rights were not denied, despite no opportunity for oral argument, because the motion judge had discretion whether to grant oral argument, citing State v. Mayron, 344 N.J. Super. 382, 387 (App. Div. 2001). The State argues there was no abuse of discretion because: (1) "defendant's argument was wholly without merit, and oral argument was not necessary for the court to make its ruling"; and (2) "the court clearly put its reasons for denying defendant's motion on the record . . . ."

3                                                                A-3297-21

We are not convinced by the State's argument. The merits of defendant's argument and whether substantively the judge addressed the merits is of no moment. "Oral advocacy is a fundamental aspect of our criminal justice system and should be encouraged, preserved, and protected." State v. Parker, 459 N.J. Super. 26, 31 (App. Div. 2019). If a "judge . . . reach[es] the determination that the arguments presented in the papers do not warrant oral argument, the judge should provide a statement of reasons that is tailored to the particular application, stating why the judge consider[ed] oral argument unnecessary." State v. Parker, 212 N.J. 269, 282 (2012). That was not done here. Therefore, we are compelled to vacate the order and remand the motion for further consideration.

Although the judge here issued a thoughtful decision, "[i]n an abundance of caution, we direct that th[e motion] be remanded to a different judge . . . to avoid the appearance of bias or prejudice based upon the judge's prior involvement with the matter . . . ." Entress v. Entress, 376 N.J. Super. 125, 133 (App. Div. 2005); see also Graziano v. Grant, 326 N.J. Super. 328, 349 (App. Div. 1999) (the power to remand to a different judge "may be exercised when there is a concern that the trial judge has a potential commitment to his or her prior findings."); Luedtke v. Shobert, 342 N.J. Super. 202, 219 (App. Div. 2001)

A-3297-21

("recogniz[ing] the time and effort the court put into the case" but expressing concern that judge would be in an "untenable position" on remand).  Here, we express no opinion about the merits of the arguments.

Vacated and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3297-21